UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


JESSE LAMONDA,

      Petitioner,

-vs-                                    Case No.  6:11-cv-1488-Orl-28GJK
                                        (Criminal Case No.:  6:05-cr-131-Orl-28GJK))

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

This case involves a third amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Jesse LaMonda (Doc. No. 55).  The Government filed a response (Doc. No. 58) and a supplemental response (Doc. No. 68) to the third amended section 2255 motion. LaMonda filed replies (Doc. Nos. 61 and 72) to the responses.

LaMonda alleges fifteen claims for relief in his motion:  (1) the convictions with regard to counts one through thirteen were "outside the statute of limitations," and appellate counsel was ineffective for failing to raise this claim on direct appeal; (2) the Court erred by denying his motion for a judgment of acquittal because there was insufficient evidence as to "conspiratorial agreement," "knowing joinder," or "willful misconduct, " and appellate counsel was ineffective for failing to raise this claim on direct

appeal; (3) there was insufficient evidence as to counts one and thirteen because the conduct was "at worst, a contractual breach," and appellate counsel was ineffective for failing to raise this claim on direct appeal; (4) he is "factually innocent" and is entitled to relief "under a freestanding claim of actual innocence," and appellate counsel was ineffective for failing to raise this claim on direct appeal; (5) the Government violated the ex post facto provisions of the United States Constitution, and appellate counsel was ineffective for failing to raise this claim on direct appeal; (6) the Court erred by making rulings that amounted to constructive amendment of the indictment, and appellate counsel was ineffective for failing to raise this claim on direct appeal; (7) the Court erred by failing to grant his motions for a mistrial based on the Government's prejudicial misconduct, and appellate counsel was ineffective for failing to raise this issue on direct appeal; (8) the Court erred by denying his severance motions, and appellate counsel was ineffective for failing to raise this claim on direct appeal; (9) the Court abused its discretion by denying his motions for mistrial, and appellate counsel was ineffective for failing to raise this claim on direct appeal; (10) the Court erred by "blocking" exculpatory arguments and evidence deriving from an Oklahoma state court conservatorship and hold-harmless order; (11) the restitution award and forfeiture amount exceeded the maximum authorized by law; (12) his counsel labored under a conflict of interest; (13) his counsel failed to notify him of a favorable plea offer; (14) trial counsel was ineffective by failing to preserve for appeal the trial court's erroneous exclusion of critical exculpatory evidence; and (15) there were numerous instances of ineffective assistance of trial and appellate counsel.

2

I.   *Procedural History*

LaMonda and two other individuals, C. Keith LaMonda ("Keith LaMonda") and John L. Maynard, were charged in a fifteen-count first superseding indictment with the commission of various crimes (Criminal Case No. 6:05-cr-131-Orl-28GJK, Doc. No. 73).[1] LaMonda was charged in counts one through thirteen. Counts one and thirteen charged conspiracy to commit mail and wire fraud, and counts two through twelve charged mail fraud. A jury found LaMonda guilty as charged. *See* Criminal Case Doc. No. 736.[2]

The Court then entered a Judgment in which LaMonda was adjudicated guilty of the crimes and sentenced to imprisonment for a term of 60 months on each of counts one and thirteen and 40 months on count two, to run consecutively with one another (Criminal Case Doc. No. 973).[3] The Court also sentenced LaMonda to imprisonment for a term of 60 months as to each of counts three through twelve, with those sentences to run concurrently with one another and concurrently with the terms imposed in counts one, two, and thirteen. The Court also placed LaMonda on supervised release for a total term of three years upon his release from imprisonment. Restitution was ordered as follows: $417,159.05 to the victims identified in Appendix A, $6,357,558.37 to the victims identified

---

[1]Criminal Case No.6:05-cr-131-Orl-28GJK will be referred to as "Criminal Case."

[2]Keith Lamonda was charged in all fifteen counts and found guilty as charged. Maynard was charged in counts one through fourteen and was found not guilty as to counts one through twelve and guilty as to counts thirteen and fourteen.

[3]Count one involved conspiracy to commit mail and wire fraud, counts two through twelve involved mail fraud, and count thirteen involved conspiracy to commit mail and wire fraud.

in Appendix B, and $81,653,460.00 to the victims identified in Appendix C. *See* Criminal

Case Doc. No. 973 at 5. The restitution totaled $88,428,177.42.

The Court also entered a Forfeiture Money Judgment and Preliminary Order of

Forfeiture for Substitute Assets in which, among other matters, LaMonda was adjudged

to be jointly and severally liable to the Government for a Forfeiture Money Judgment in

the amount of $14 million. LaMonda filed a direct appeal with the Eleventh Circuit Court

of Appeals, which entered an unpublished opinion affirming the convictions and sentence.

*See* Criminal Case Doc. No. 1165.

II.    *Legal Standards*

A.    *Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984),

established a two-part test for determining whether a convicted person is entitled to relief

on the ground that his counsel rendered ineffective assistance: (1) whether counsel's

performance was deficient and "fell below an objective standard of reasonableness"; and

(2) whether the deficient performance prejudiced the defense. Id. at 687-88. A court must

adhere to a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance. Id. at 689-90. "Thus, a court deciding an actual

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the

facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v.*

*Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

4

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), cert. denied, 502 U.S. 1077 (1992).

B.    *Procedural Bar*

    "A federal criminal defendant who fails to preserve a claim by objecting at trial or raising it on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice." *Rivers v. United States*, 476 F. App'x 848, 849 (11th Cir. 2012). A defendant may show a fundamental miscarriage of justice by demonstrating that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).

    Likewise, the Court "is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *Id.* As a result, claims that were raised and resolved in a defendant's direct appeal will not be reconsidered by the Court.

III.  *Analysis*

A.  *Factual Background*

The Eleventh Circuit Court of Appeals summarized the facts of this case succinctly:

> Because we write primarily for the parties, we assume their familiarity with the underlying facts. Defendants operated a company that sold viatical settlements, which are financial instruments created by the *inter vivos* conveyance of a life insurance death benefit. During the seven-month trial, the Government presented evidence that [D]efendants (1) knowingly procured life insurance policies acquired by fraud for the purpose of selling viatical settlements, (2) lied to investors who purchased fraud-tainted viatical settlements, (3) secretly misappropriated investor funds for personal use, and (4) conspired to conceal taxable income from the sale of viatical settlements.

*See* Criminal Case Doc. No. 1165 at 3.

B.  *Claim One*

LaMonda argues that the convictions with regard to counts one through thirteen were "outside the statute of limitations," and appellate counsel was ineffective for failing to raise this claim on direct appeal.

The record reflects that appellate counsel did raise this claim on direct appeal. In particular, appellate counsel argued as follows: "Moreover, it is fatal to the charges here that the Government failed to offer any evidence that any policies with regard to which Accelerated Benefits Corporation ("ABC") allegedly made misrepresentations, were still contestable as of July 13, 2000, (the operative statute of limitations date)." *See* Doc. No. 58, Exhibit 1 at 51.[4]  Because this claim was raised and resolved in LaMonda's direct appeal,

---

[4]The Court notes that count thirteen involved mail and wire fraud conspiracy and that the conduct set forth in that count continued until March 2002.

it will not be reconsidered by the Court. Further, LaMonda has not shown that appellate counsel acted unreasonably since the issue was raised with the appellate court. Consequently, this claim is denied.[5]

## C.   Claim Two

LaMonda argues that the Court erred by denying his motion for a judgment of acquittal because there was insufficient evidence as to "conspiratorial agreement," "knowing joinder," or "willful misconduct, "and appellate counsel was ineffective for failing to raise this claim on direct appeal.

The record reflects that appellate counsel did raise this claim on direct appeal. In particular, among other matters, appellate counsel argued as follows: "[N]o evidence was presented that Jesse LaMonda acted with willful intent to defraud or wilfully joined any conspiracy . . . . What was missing in these proofs, however, was any evidence that Jess LaMonda though ABC was making misrepresentations or cheating investors . . . ." *See* Doc. No. 58, Exhibit 1 at 51. Because this claim was raised and resolved in LaMonda's direct appeal, it will not be reconsidered by the Court. Further, LaMonda has not shown that appellate counsel acted unreasonably since the issue was raised with the appellate court. Consequently, this claim is denied.[6]

---

[5]Any portion of this claim that was not raised on direct appeal is procedurally defaulted. LaMonda does not establish cause or prejudice for his procedural default. He has also failed to demonstrate the applicability of the fundamental miscarriage of justice exception.

[6]Any portion of this claim that was not raised on direct appeal is procedurally defaulted. LaMonda does not establish any exception to excuse his procedural default.

D.    *Claim Three*

LaMonda argues that there was insufficient evidence as to counts one and thirteen because the conduct was "at worst, a contractual breach," and appellate counsel was ineffective for failing to raise this claim on direct appeal.

The record reflects that appellate counsel did raise this claim on direct appeal. In particular, among other matters, appellate counsel argued as follows: "The government's evidence against Jesse LaMonda was focused on alleged breaches of contract and purported misrepresentations that were easily verifiable. These matters are more properly subject to civil and not criminal litigation." *See* Doc. No. 58, Exhibit 1 at 55. Because this claim was raised and resolved in LaMonda's direct appeal, it will not be reconsidered by the Court. Further, LaMonda has not shown that appellate counsel acted unreasonably since the issue was raised with the appellate court. Consequently, this claim is denied.[7]

E.    *Claim Four*

LaMonda argues that he is "factually innocent" and is entitled to relief "under a freestanding claim of actual innocence," and appellate counsel was ineffective for failing to raise this claim on direct appeal.

LaMonda cannot obtain relief under section 2255 based solely on a claim of actual innocence. Generally, actual innocence is not itself a viable, freestanding claim under the United States Constitution. Actual innocence is only a gateway through which a habeas

---

[7]Any portion of this claim that was not raised on direct appeal is procedurally defaulted. LaMonda does not establish any exception to excuse his procedural default.

petitioner must pass to have an otherwise barred federal constitutional claim considered on the merits. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). The issue of actual of innocence ordinarily arises in the context of a habeas petitioner's efforts to excuse or overcome a procedural default on a federal constitutional claim, or to invoke the doctrine of equitable tolling of a statute of limitation. *Anderson v. Bauman*, No. 2:09-cv-91, 2011 WL 4954076, at *2 (W.D. Mich. October. 17, 2011). The Eleventh Circuit Court of Appeals has addressed actual innocence claims:

> The Supreme Court, of course, has never decided what the precise burden of proof for a freestanding actual innocence claim would be. However, the Court has indicated that it would necessarily be more difficult to establish a freestanding actual innocence claim than it is to establish actual innocence under the fundamental miscarriage of justice exception to the procedural default doctrine. *See House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064, 2087, 165 L.Ed.2d 1 (2006). To satisfy this lesser standard (which itself applies "only in the extraordinary case," *House*, 126 S. Ct. at 2077), Mize would have to demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L.Ed.2d 808 (1995). In other words, he would have to show it is probable that, given the new evidence, no reasonable juror would have convicted him.

*Mize v. Hall*, 532 F.3d 1184, 1195 (11th Cir. 2008).

Here, LaMonda has failed to produce any evidence that was newly discovered or that would otherwise show that he is actually innocent, and he has not shown that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. As a result, appellate counsel was not ineffective with regard to this matter.

F.    *Claim Five*

LaMonda argues that the Government violated the ex post facto provisions of the United States Constitution "by predicating the convictions and sentence upon the retroactive application of the Viatical Settlement Act of 1999" and that trial and appellate counsel were ineffective with regard to this matter. *See* Doc. No. 55 at 7. Count one of the first superseding indictment charged the Defendants with conspiring to defraud life insurance companies by procuring life insurance policies acquired by fraud for the purpose of selling viatical settlements.

This claim, apart from the allegations of ineffective assistance of counsel, was not raised on direct appeal.[8] LaMonda does not establish cause or prejudice for his procedural default. He has also failed to demonstrate the applicability of the fundamental miscarriage of justice exception. As such, he has failed to overcome procedural default, and this claim is procedurally barred from review.

Here, LaMonda states that the "Viatical Settlement Act of 1999" became effective on July 1, 1999, and that the charges against him occurred prior to July 1999. However, LaMonda's contention is without merit because the first superseding indictment did not charge him with violating a Florida state statute. Further, the Viatical Settlement Act was effective on October 1, 1996, not July 1, 1999. *See* § 626.991, Fla. Stat. Finally, the evidence at trial established that LaMonda's committed fraudulent acts after October 1, 1996.

---

[8]"A collateral proceeding is the more appropriate venue . . . for any ineffective assistance of counsel claims." *United States v. Muchiri*, 221 F.3d 1340 (7th Cir. 2000).

The Court also notes that Article I, § 10, of the Federal Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law." To fall within the ex post facto prohibition, a law must be retrospective; in other words, "it must apply to events occurring before its enactment . . . and it must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (quotations omitted) (citations omitted).

LaMonda has not shown that an ex post facto violation occurred, and he has not demonstrated that either trial or appellate counsel acted deficiently with regard to this matter or that he sustained prejudice.

G.    *Claim Six*

LaMonda argues that the Court erred by making rulings that amounted to constructive amendment of the indictment, and appellate counsel was ineffective for failing to raise this claim on direct appeal. This claim involves the Court's admission of evidence regarding LaMonda's scheme to defraud insurance companies by concealing that policies had been clean-sheeted; the Oklahoma conservatorship; and the Purchase Request Agreement and marketing materials.

This claim, apart from the allegation of ineffective assistance of appellate counsel, was not raised on direct appeal. LaMonda does not establish cause or prejudice for his procedural default. He has also failed to demonstrate the applicability of the fundamental miscarriage of justice exception. As such, he has failed to overcome procedural default, and this claim is procedurally barred from review.

The ineffective assistance of appellate counsel issue is without merit. LaMonda fails to demonstrate how the indictment was constructively amended.   "[A]n amendment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment. *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990). LaMonda has not shown that any of the rulings made by the Court altered the essential elements of the offenses contained in the indictment or broadened the possible bases for conviction beyond what was contained in the indictment. LaMonda's elaborate scheme to conceal the viatication of clean-sheeted policies during the contestable period from the insurance companies was the scheme alleged in count one of the indictment. Similarly, the jury's inability to consider the irrelevant "hold harmless" provisions of the Oklahoma conservatorship order issued after the fraud scheme alleged in count thirteen was complete did not constructively amend the indictment. Thus, LaMonda has not shown that appellate counsel acted deficiently or that he sustained prejudice.

## H.    *Claim Seven*

LaMonda argues that the Court erred by failing to grant his motions for a mistrial based on the Government's prejudicial misconduct, and appellate counsel was ineffective for failing to raise this issue on direct appeal.

The record reflects that appellate counsel did raise this claim on direct appeal. LaMonda's appellate counsel argued that the Court erred by unfairly limiting the defense in both cross-examination of witnesses and in the presentation of the LaMonda's case. *See*

12

Doc. No. 58, Ex. 1 at 32-43.  In support of those arguments, LaMonda's appellate counsel cited to several instances in which the Court improperly sustained the Government's objections.  *Id.* at  Ex. 1 at 36-41.  Similarly, LaMonda's codefendant, Keith LaMonda, argued on appeal that the Court abused its discretion in its supervision of the closing arguments, and, as part of that argument, alleged that the Government made numerous "prejudicial, misleading and untrue comments" during closing.  *See* Doc. No. 58, Ex. 3 at 46, 49.[9]

Because this claim  was raised and resolved in LaMonda's direct appeal, it will not be reconsidered by the Court.  Further, LaMonda has not shown that appellate counsel acted unreasonably since the issue was raised with the appellate court.  Consequently, this claim is denied.[10]

I.      *Claim Eight*

LaMonda argues that the Court erred by denying his severance motions, and appellate counsel was ineffective for failing to raise this claim on direct appeal.  This claim, apart from the allegation of ineffective assistance of appellate counsel, was not raised on direct appeal.  LaMonda does not establish cause or prejudice for his procedural default. He has also failed to demonstrate the applicability of the fundamental miscarriage of justice

---

[9]LaMonda adopted the factual and legal arguments set out in the appellate briefs of Keith LaMonda and John Maynard. *See* Doc. No. 58, Ex. 1 at 6.

[10]Any portion of this claim that was not raised on direct appeal is procedurally defaulted.  LaMonda does not establish any exception to excuse his procedural default.

exception.  As such, he has failed to overcome procedural default, and this claim is procedurally barred from review.

The ineffective assistance of appellate counsel issue is without merit.  Defendants charged in a conspiracy are ordinarily tried together. *United States v. Hernandez*, 921 F.2d 1569, 1578 (11th Cir. 1991).  The denial of a severance motion will not be reversed unless the resulting joint trial caused the defendant "compelling prejudice" and rendered the jury "incapable of independently evaluating the evidence against each defendant." *Id.* (citations omitted) (quotation omitted).  The Court, in its preliminary instructions, cautionary instructions throughout the trial, and final instructions, repeatedly instructed the jury that LaMonda was not charged in the tax counts and that they should not consider evidence regarding those issues. *See* Doc. No. 853 at 21, 54, Doc. No. 1059 at 29, and Doc. No. 1085 at 44.  The Court also instructed the jury to consider each Defendant and each offense separately. *See* Doc. No. 1059 at 29 and Doc. No. 1085 at 40-42.  Thus, LaMonda has not shown that appellate counsel acted deficiently or that he sustained prejudice.

J.     *Claim Nine*

LaMonda argues that the Court abused its discretion by denying his motions for mistrial, and appellate counsel was ineffective for failing to raise this claim on direct appeal.  The main theme of this claim involves LaMonda's assertion that the Court's evidentiary rulings were erroneous.  The record reflects that appellate counsel did raise this claim on direct appeal. *See* Doc. No. 58, Ex. 1 at 32-50.

The appellate court found as follows:

During the course of every long trial, imperfections are bound to arise because exigencies of live litigation require instantaneous rulings on matters of which defendants complain (e.g. admissibility of evidence, scope of cross-examination). Defendants, however, have not shown any error committed by the District Court, which handled this complex criminal matter admirably. The alleged trial imperfections, even if they amounted to error (and they do not), were harmless as to the outcome beyond a reasonable doubt.

*See* Doc. No. 1165 at 4. Since this claim was raised and resolved in LaMonda's direct appeal, it will not be reconsidered by the Court. Further, LaMonda has not shown that appellate counsel acted unreasonably since the issue was raised with the appellate court. Consequently, this claim is denied.[11]

K.    *Claim Ten*

LaMonda argues that the Court erred by "blocking" exculpatory arguments and evidence deriving from an Oklahoma state court conservatorship and hold-harmless order. He also argues that trial and appellate counsel were ineffective with regard to this matter.

This claim, apart from the allegations of ineffective assistance of counsel, was not raised on direct appeal. LaMonda does not establish cause or prejudice for his procedural default. He has also failed to demonstrate the applicability of the fundamental miscarriage of justice exception. As such, he has failed to overcome procedural default, and this claim is procedurally barred from review.

---

[11]Any portion of this claim that was not raised on direct appeal is procedurally defaulted. LaMonda does not establish any exception to excuse his procedural default. Additionally, LaMonda appears to also argue that trial counsel was ineffective with regard to this matter; however, he has not shown that trial counsel was in any manner ineffective with regard to this matter or that he sustained prejudice.

The issues of ineffective assistance of trial and appellate counsel are without merit. The Government was not a party to the state civil lawsuit brought by the Oklahoma Securities and Exchange Commission against LaMonda's company, ABC. Thus, the Government was not foreclosed from bringing a criminal prosecution. As such, LaMonda has not shown that either trial or appellate counsel acted deficiently or that he sustained prejudice.

L.   *Claim Eleven*

LaMonda argues that the restitution award and forfeiture amount exceeded the maximum authorized by law. LaMonda's appears to argue that only the court dealing with the Oklahoma conservatorship had jurisdiction to determine the losses suffered by the victims. He argues that trial and appellate counsel were ineffective with regard to this matter.

This claim, apart from the allegation of ineffective assistance of counsel, was not raised on direct appeal. LaMonda does not establish cause or prejudice for his procedural default. He has also failed to demonstrate the applicability of the fundamental miscarriage of justice exception. As such, he has failed to overcome procedural default, and this claim is procedurally barred from review.

The issues of ineffective assistance of trial and appellate counsel issue are without merit. Aside from vague allegations, LaMonda fails to demonstrate that the court dealing with the Oklahoma conservatorship had exclusive jurisdiction to determine the restitution award and forfeiture amount in this case. Here, the Court found that the actual loss

16

suffered by the companies was $417,000 but that the amount of loss Defendants intended

to cause the insurance companies was $6.6 million; therefore, the loss calculation for counts

1-12 was $6.6 million. *See* Criminal Case Doc. No. 971 at 20.  The Court found that the loss

calculation for count 13 was $87,991,018.  *Id*. at 20-21.  As discussed above, the total

restitution amount was determined to be $88,428,177.42, which encompassed amounts of

$417,159.05 to the victims identified in Appendix A, $6,357,558.37 to the victims identified

in Appendix B, and $81,653,460.00 to the victims identified in Appendix C.

"A court's valuation of loss need not be made with precision," and its reasonable

estimate of the intended loss will be upheld on appeal."  *United States v. Dominguez*, 109

F.3d 675, 676 (11th Cir. 1997) (citations and internal quotations omitted).  Based on the

evidence presented at the sentencing hearing, the Court's determination of the loss

attributable to LaMonda was reasonable.  LaMonda has failed to demonstrate that the

Court was engaged in speculation or that the calculation was without factual support.  As

such, LaMonda has not shown that either trial or appellate counsel acted deficiently or that

he sustained prejudice.

M.    *Claim Twelve*

LaMonda argues that his counsel labored under a conflict of interest. He asserts that

his counsel "was paid by his co-defendant's employer." *See* Doc. No. 55 at 16.  This claim

was not raised on direct appeal.  LaMonda does not establish cause or prejudice for his

procedural default. He has also failed to demonstrate the applicability of the fundamental

miscarriage of justice exception.  As such, he has failed to overcome procedural default, and this claim is procedurally barred from review.

Further, when an ineffective assistance claim is based on a conflict of interest, "a defendant must show first, that his attorney had an actual conflict of interest, and second, that the conflict adversely affected counsel's performance." *McCorkle v. United States*, 325 Fed. App'x 804, 808 (11th Cir. 2009) (quotation omitted) (citations omitted).  Moreover, "[a]n actual conflict of interest occurs when an attorney has inconsistent interests." *Id.* (quotation omitted) (citation omitted).  Further, "[t]he conflict cannot be merely possible, speculative, or hypothetical." *Id.*  To prove adverse effect, a petitioner must demonstrate three elements: (1) "that the defense attorney could have pursued a plausible alternative strategy"; (2) "that this alternative was reasonable"; and (3) "that the alternative strategy was not followed because it conflicted with the attorney's external loyalties." *Reynolds v. Chapman*, 253 F.3d 1337, 1343 (11th Cir. 2001).

After closing arguments, the Court specifically addressed this matter with LaMonda. LaMonda acknowledged to the Court that his brother was paying his attorney fees and costs. *See* Criminal Case Doc. No. 913 at 133-35.  The Court explained this fee arrangement could create a potential for conflict of interest and observed that LaMonda and Keith LaMonda "both have experienced and competent lawyers in this case . . . and that allays any concern that might otherwise be troubling." *Id.* at 135.  The Court also noted that LaMonda had not objected to this arrangement and found that "there's no suggestion from the performance of Mr. Pasano and Mr. Muller that they in any way acted contrary to your

18

interests or in any effort to appease the wishes of Mr. C. K. LaMonda." *Id.* LaMonda told the Court that he was satisfied with his attorney, that he had provided him with independent and zealous representation, and that the loyalty of his attorney had not been compromised by the fact that fees and costs were paid by Keith Lamonda. *Id.* at 137-38.

The Court also explained in detail the potentials for conflict with this fee arrangement to LaMonda, and LaMonda stated that he understood the potential conflicts. *Id.* at 136-37. The Court advised LaMonda that he was entitled to an attorney and that an attorney would be appointed for him if he could not afford one. *Id.* The Court then asked LaMonda whether he was satisfied with attorney's representation, whether he was satisfied that his attorney had provided him with "independent and zealous representation," and whether he was satisfied that his attorney's loyalty was not compromised by the fee arrangement. LaMonda replied, "yes, sir," to all questions. *Id.* at 137-138. LaMonda's trial attorney continued to represent LaMonda on appeal.

Here, LaMonda's allegations do not demonstrate that his counsel operated under a conflict of interest. LaMonda merely speculates that his attorney's fee arrangement adversely affected his defense. However, LaMonda's counsel zealously represented LaMonda throughout his case. He filed numerous pre-trial motions, extensively cross-examined the Government's witnesses at trial, made appropriate objections, and presented testimony and evidence in support of LaMonda's defense. Because LaMonda wholly fails to identify any specific instances in the record that show something more than a possible, speculative, or a merely hypothetical conflict by counsel, LaMonda does not

19

establish that his counsel labored under an actual conflict of interest. As such, this claim is without merit.

### N. Claim Thirteen

LaMonda argues that his counsel failed to notify him of a favorable plea offer. On July 31, 2006, the Government made a collective plea offer to the Defendants, which required that they all had to accept the terms thereof by 9:00 a.m. the next day. *See* Doc. No. 58, Exhibit 9. On that same day, counsel for both LaMonda and Keith LaMonda sent an e-mail to the Government declining the plea offer. *See* Doc. No. 58, Exhibits 9 and 10.

In *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to plea negotiations. *Frye*, 132 S. Ct. at 1404–08; *Lafler*, 132 S. Ct. at 1384. Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during plea negotiations. *Lafler*, 132 S. Ct. at 1384 (internal quotation marks omitted). The Supreme Court also considered how to apply the prejudice prong of the ineffective-assistance-of-counsel test set forth in *Strickland* and concluded that, in order to show prejudice, a defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or a lower sentence. *Frye*, 132 S. Ct. at 1409; *Lafler*, 132 S. Ct. at 1384–85.

LaMonda has failed to establish ineffective assistance of counsel. First, with regard to the deficient-performance prong of *Strickland*, LaMonda did not show that his attorney made errors so serious that he was no longer functioning as the counsel guaranteed by the Sixth Amendment. *See Strickland*, 466 U.S. at 687. The record shows that LaMonda's attorney informed the Government that LaMonda had declined the plea offer. Under the circumstances, LaMonda has not shown that counsel's performance fell below an objective standard of reasonableness, and LaMonda has not demonstrated that counsel's performance was constitutionally deficient. *See Strickland*, 466 U.S. at 687–88.

LaMonda also argues that, despite the e-mail sent from counsel, the plea offer was not communicated to him. Assuming, without deciding, that the plea offer was not communicated to him, LaMonda has not demonstrated prejudice. Because Keith LaMonda rejected the plea offer, the Government's offer to LaMonda was automatically revoked. Thus, in light of Keith LaMonda's rejection of the plea offer, the Government would have refused to accept LaMonda's acceptance.

In addition, LaMonda has not demonstrated a reasonable probability that he would have accepted a plea offer but for counsel's ineffective assistance. Shortly before trial, LaMonda dismissed his attorney and hired another attorney to try the case. In addition, at no time did LaMonda express a desire to plead guilty to any charges, and he has maintained his innocence throughout this case. As a result, he has not demonstrated prejudice under *Strickland*. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Accordingly,

as LaMonda has demonstrated neither deficient performance nor prejudice under *Strickland,* this claim is denied.

### O.   *Claim Fourteen*

LaMonda argues that the trial counsel was ineffective by failing to preserve for appeal the trial court's "abuse of discretion in the wholesale exclusion of critical exculpatory evidence . . . ." *See* Doc. No. 55 at 19. He also states that "appellate counsel was defective in failing to raise and argue such judicial errors at appeal." *Id.*

LaMonda's allegations with regard to this claim are vague and are inadequate as a matter of law to raise a cognizable claim of ineffective assistance of trial counsel or appellate counsel. *See United States v. Cranshaw,* 817 F. Supp. 723, 728 (N.D. Ill. 1993). LaMonda fails to specifically identify the exculpatory evidence that was allegedly improperly excluded or set forth and discuss the reasons why this evidence should have been admitted at trial. LaMonda "must identify the specific acts or omissions of counsel that form the basis for his claim of ineffective assistance." *See United States v. Moya-Gomez,* 860 F.2d 706, 763-64 (7th Cir. 1988). LaMonda's "failure to specify his allegations does not meet the requirement of *Strickland*." *Cranshaw,* 817 F. Supp. at 728. LaMonda has failed to satisfy either prong of the *Strickland* test with regard to his allegations of ineffective assistance of trial and appellate counsel, and this claim must fail.

### P.   *Claim Fifteen*

LaMonda argues that there were numerous instances of ineffective assistance of trial and appellate counsel. The ineffective assistance of trial counsel claims include the

22

following: trial counsel failed to (a) independently argue LaMonda's issues with regard to the exculpatory aspects of regulatory issues; (b) independently seek production of ATCO's Quick books business records; (c) raise a Rule 8 motion to sever; (d) independently assert LaMonda's "rights to the production of exculpatory evidence regarding Prudential's role in the loss to purchasers in the Isaac policy"; (e) independently seek and present a plea agreement to LaMonda; (f) assert LaMonda's actual innocence; and (g) argue LaMonda's minimal role in the administration and operation of ABC. *See* Doc. No. 55 at 20.

The ineffective assistance of appellate counsel claims include the following: appellate counsel (a) failed to raise the issue of statute of limitations; (b) failed to raise the issue of retroactive application of the statute of limitations; (c) failed to raise the issue of constructive amendments to the indictment; (d) failed to raise the issue of the Court's erroneous failure to grant motions for mistrial; (e) failed to raise the issue of the Court's erroneous denial of motions for severance; (f) failed to raise the issue of the Court's erroneous denial of motions for mistrial; (g) failed to raise the issue of the Court's error regarding sentencing enhancements; (h) failed to develop and pursue an independent defense strategy; (I) squandered defense resources; and (j) failed to raise the issue of the Court's erroneous exclusion of exculpatory evidence. *Id.*

1.   *Ineffective Assistance of Trial Counsel*

I.   *Issues (a) and (b)*

LaMonda's allegations with regard to these issues are vague, as he fails to allege any facts supporting, or otherwise explaining, the exculpatory aspects of the regulatory issues.

23

Likewise, he offers no facts establishing what specific records counsel failed to obtain and how these records would have affected the outcome of the trial.    As a result, LaMonda fails to demonstrate that counsel acted deficiently with regard to this matter or that he sustained prejudice. Thus, these issues are without merit.

    *ii.    Issue (c)*

Before trial, and during trial, LaMonda's trial counsel filed written and oral motions to sever the fraud counts from the tax counts, claiming that LaMonda was prejudiced by the evidence relating to the tax counts because he was not charged in those counts. *See* Criminal Case Doc. Nos. 181, 218, 527, 566. The Court denied these motions, finding that joinder was appropriate under Federal Rule of Criminal Procedure 8. Thus, LaMonda has failed to demonstrate that trial counsel's performance was deficient or that he sustained prejudice. Thus, this issue is without merit.

    *iii.    Issue (d)*

LaMonda offers no facts or analysis to establish what evidence counsel failed to obtain, whether the evidence was admissible, and, assuming its admissibility, how it would have affected the outcome of the trial. As a result, LaMonda has failed to meet his burden to establish counsel was ineffective and that he sustained prejudice. Thus, this issue is without merit.

    *iv.    Issue (e)*

As discussed above, the Government made a collective plea offer to the Defendants, which LaMonda declined. Thus, LaMonda's counsel did obtain a plea offer. Further, the

24

failure to pursue another plea bargain does not demonstrate ineffective assistance of counsel, particularly when there is no suggestion that the Government would made another plea offer to LaMonda. *Bridges v. United States*, No. 04 Civ. 2715(HB), 2005 WL 1798084 at *6 (S.D.N.Y. August 1, 2005). Here, LaMonda provides no evidence whatsoever that the Government would have made an additional plea offer. His speculation is unsupported.

In addition, LaMonda has not presented any objective evidence to corroborate his claim that he would have accepted another plea offer. Thus, he fails to prove both the existence of another plea offer and his alleged willingness to accept such an offer. Under the circumstances, the Court finds that LaMonda has not shown deficient performance on the part of counsel or that he sustained prejudice.

     *v.*     *Issue (f)*

The record reflects that LaMonda's counsel did argue that Lamonda was innocent. During opening arguments, LaMonda's counsel vigorously argued that LaMonda was innocent. For example, he argued that the "evidence . . . will not for a moment show you that Jess LaMonda committed or did anything improper or illegal" and that "the evidence will tell you Jess LaMonda is not guilty." *See* Criminal Case Doc. No. 634 at 105, 111. During closing argument, LaMonda's counsel vigorously argued that LaMonda was innocent. For example, he argued that "there's no evidence that Jess LaMonda did anything remotely close to what the government's trying to tell you. But plenty of evidence to tell you otherwise." *See* Criminal Case Doc. No. 912 at 191. LaMonda has

failed to demonstrate that counsel acted deficiently with regard to this matter or that he sustained prejudice.

     *vi.*    *Issue (g)*

The record reflects that LaMonda's counsel did argue that Lamonda's role in the administration and operation of ABC was minimal.   During opening arguments, LaMonda's counsel argued that LaMonda's role was minimal.  For example, he argued that LaMonda's "actual role at ABC was limited" and that he had nothing to do with the "day to day management of ABC." *See* Criminal Case Doc. No. 634 at 102-03.   During closing argument, LaMonda's counsel argued that LaMonda's role was minimal.  For example, he argued that the Government does not "have any evidence as to what Dr. Jess LaMonda knew or did." *See* Criminal Case Doc. No. 912 at 99.  LaMonda has failed to demonstrate that counsel acted deficiently with regard to this matter or that he sustained prejudice.

     *1.*    *Ineffective Assistance of Appellate Counsel*

     *I.*    *Issue (a) through (f)*

These issues were previously raised and denied by the Court:  issue (a) was raised with regard to claim one; issue (b) was raised with regard to claim five; issue (c) was raised with regard to claim six; issue (d) was raise with regard to claim seven; issue (e) was raised with regard to claim eight; issue and (f) was raised with regard to claim nine.

     *ii.*    *Issue (g)*

LaMonda does not specify the sentencing enhancements that were allegedly erroneous or the precise issue that appellate counsel should have raised.   Further,

LaMonda has not shown that appellate counsel's failure to raise the issue affected the outcome of the appeal. Consequently, this issue is denied.

    *iii.*    *Issues (h), (i), and (j)*

LaMonda fails to establish how appellate counsel's performance was deficient with this regard to these matters or how it affected the outcome of the appeal. His allegations are too vague and conclusory to support a claim of ineffective assistance of appellate counsel. Consequently, these issues are denied.

Further, as to all of the ineffective assistance of appellate counsel issues, the Court finds that LaMonda's appellate counsel submitted an initial brief which was comprehensive, thorough, and well-argued. Certainly, the record clearly evinces the thoroughness and reasonableness of appellate counsel's work. *Cf. Thomas v. Scully*, 854 F. Supp. 944 (E.D.N.Y. 1994) (the appellate brief submitted by counsel clearly showed the thoroughness of counsel's work). The fact that other issues might have succeeded in the appellate court "does not lead automatically to the conclusion that [LaMonda] was deprived of a constitutional right when his lawyer failed to assert such a claim." *Woodfork v. Russell*, No. 92-4301, 1994 WL 56933, at *4 (6th Cir. February 24, 1994) (unpublished opinion).

In this case, the Court finds that appellate counsel's decision not to pursue the other issues was consistent with reasonable appellate strategy that, under the deferential standard of review articulated in *Strickland*, should not be second-guessed. *See Gray v. White*, No. C-94-2434 EFL, 1997 WL 16311, at *9 (N.D. Cal. January 6, 1997) ("appellate

counsel does not have a constitutional duty to raise every nonfrivolous issue requested by defendant. The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.") (citations omitted).

Accordingly, in light of 1) the discretion afforded to appellate counsel in selecting those issues most promising for review, and 2) LaMonda's failure to demonstrate that this other issue would have been viable on appeal, the Court finds that appellate counsel's performance was not deficient and that LaMonda has not demonstrated prejudice. Hence, LaMonda's ineffective assistance of appellate counsel claims must fail.

Any of LaMonda's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The third amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Jesse LaMonda (Doc. No. 55) is **DENIED.**

2.      This case is **DISMISSED** with prejudice.

3.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.  A copy of this Order and the judgment shall also be filed in criminal case number 6:05-cr-131-ORl-28-GJK.

4.      The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 1230) filed in criminal case number 6:05-cr-131-ORl-28GJK.

28

5.      The Government's Motion for Extension of Time (Criminal Case Doc. No. 1227) filed in criminal case number 6:05-cr-131-ORl-28GJK was previously granted, and the Clerk of the Court is directed to terminate the motion.

6.      The Government's Motion for Extension of Time (Criminal Case Doc. No. 227) filed in criminal case number 6:05-cr-131-ORl-28GJK is **DENIED** as moot.

7.      This Court should grant an application for certificate of appealability only if LaMonda makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  LaMonda has failed to make a substantial showing of the denial of a constitutional right.[12] Accordingly, a Certificate of Appealability is **DENIED** in this case.

8.      LaMonda's Motion for Bail (Doc. No. 73) is **DENIED** as moot.

**DONE AND ORDERED** in Orlando, Florida, this ___21___ day of November, 2013.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

---

[12]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 11/21
Jesse LaMonda
Counsel of Record